# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MIKA DAVIS, | ) Case No. 2:18-cv-859-RMG |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| PROCOLLECT, INC., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiff Mika Davis ("Plaintiff") brings this action against Defendant ProCollect, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code. § 37-1-101 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May

1

24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled

principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

7.   "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

8.   "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

9.   Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

10.  In order to protect consumers and ensure compliance by debt collectors, "[t]he FDCPA is a strict liability statute that prohibits false or deceptive

3

representations in collecting a debt, as well as certain abusive debt collection practices." *McLean v. Ray*, 488 F. *App'x* 677, 682 (4th Cir. 2012).

11. The FDCPA must be construed liberally to affect its remedial purpose. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 393 (4th Cir. 2014).

12. "By providing prevailing plaintiffs statutory and actual damages, as well as reasonable attorney's fees, Congress plainly intended to regulate unscrupulous conduct by encouraging consumers who were the target of unlawful collection efforts to bring civil actions." *Id.*; *See also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982) (Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act.").

13. Whether a communication violates the FDCPA "is determined from the vantage of the 'least sophisticated consumer,'" an objective standard that considers how the hypothetical "least sophisticated consumer would interpret the" communication. *Russell*, 763 F.3d at 394.

14. This test "comports with basic consumer protection principles[, as] '[t]he basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (*quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of South Carolina, County of Berkeley, and City of Goose Creek.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Plaintiff is a "consumer" as defined by S.C. Code § 37-1-301(10).

18. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Defendant is a "debt collector" as defined by S.C. Code § 37-1-301(28).

## FACTUAL ALLEGATIONS

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

22. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal residential apartment lease (the "Debt").

23. The Debt arises from a "consumer credit transaction" as defined by S.C. Code § 37-1-301(11).

24. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

25. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26. In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on October 5, 2017.

27. During the call, Defendant advised that the Debt was incurred when Plaintiff resided at Timberwolf Apartments.

28. Plaintiff has not lived in Timberwolf Apartments since 2007.

29. Defendant asserted that Plaintiff owed a balance of $1,786.84.

30. Plaintiff inquired as to how the Debt was valid given that it was over ten years old.

31. Defendant stated that it was a valid debt and that Defendant was going to collect it.

32. Plaintiff advised that she could not pay the balance in full but could possibly pay $500.00.

33. Defendant advised that $500.00 was not sufficient to satisfy the Debt.

34. After Defendant continued to demand payment, Plaintiff advised that she intended to seek the advice of an attorney.

35. Defendant stated that it would mark the account as a refusal to pay.

36. Defendant further advised that the Debt would be placed on Plaintiff's credit reports if Plaintiff did not pay by Monday, October 9, 2017.

37. The Debt is past the time period where it can be reported on Plaintiff's credit report.

38. The Debt is past the statute of limitations to collect via a lawsuit.

39. At no time did Defendant inform Plaintiff that the Debt was past the statute of limitations to collect through the filing of a lawsuit.

40. In addition, any payment or written acknowledgment on a time-barred debt constitutes a new promise to pay and renews the statute of limitations. *See* S.C. Code § 15-3-120 ("No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter unless it be contained in some writing signed by the party to be charged thereby. But payment of any part of principal or interest is equivalent to a promise in writing.").

41. Defendant omitted any mention to Plaintiff that a partial payment could renew the statute of limitations on the Debt.

42. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated October 5, 2017.

43. A true and accurate copy of Defendant's October 5, 2017 letter is attached to this complaint as Exhibit A.

44. Plaintiff received and read Defendant's October 5, 2017 letter.

45. Defendant's October 5, 2017 letter states, in part: "ProCollect would like to work with you to develop a strategy to get this deb paid off as soon as possible so your credit is not further impaired."

7

46. The letter goes on to list several negative consequences that a derogatory item on a credit report may cause a consumer.

47. Defendant's October 5, 2017 letter gives the reader the impression that the debt either was currently being reported to the credit reporting agencies, or that it would be if payment were not made soon.

48. Because the Debt was not being reported on Plaintiff's credit report, nor could it legally be reported, this impression is false and misleading.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

49. Plaintiff repeats and re-alleges each factual allegation above.

50. The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "the false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

51. When a debt is past the statute of limitations, "collection efforts offer opportunities for mischief and deception." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

52. When faced with a settlement offer or a demand for payment, "an unsophisticated consumer debtor who makes the first payment or who promises to make a partial payment is much worse off than he would have been without taking

8

either step. If he then fails or refuses to pay further, he will face a potential lawsuit." *Id.* at 685.

53. "[T]he FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand." *Id.*

54. In addition, discussion of settlement or otherwise leading the consumer to believe that the debt is enforceable runs afoul of the FDCPA's prohibition on false or misleading representations. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 428 (3d Cir. 2018); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

55. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by misleading the consumer as to whether the debt was enforceable and by coaxing the consumer to make a payment and revive the statute of limitations without an unambiguous disclaimer that doing so would restart the statute of limitations.

56. Defendant also violated 15 U.S.C. § 1692e by representing to Plaintiff that it would report the Debt on Plaintiff's credit report.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

9

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

57. Plaintiff repeats and re-alleges each factual allegation above.

58. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

59. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

60. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an

10

alleged debt, including by soliciting payment of a debt from Plaintiff, thus luring the consumer away from the shelter of the statute of limitations, without providing an unambiguous warning that an unsophisticated consumer would understand that doing so would restart the limitations period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(5)

61. Plaintiff repeats and re-alleges each factual allegation above.

62. The FDCPA's prohibition on false or misleading conduct also includes the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

11

63. "Parties often knowingly make threats of illegal action, hoping that the threat will intimidate the opposing party, who may not take comfort from the prospect of years of expensive and uncertain litigation to vindicate her rights. Such threats can have real effects. The FDCPA in general, and § 1692e(5) in particular, are aimed directly at such tactics in the context of collecting consumer debts, where power and resources are often, let us say, asymmetrical." *Captain v. ARS Nat. Servs., Inc.*, 636 F. Supp. 2d 791, 796 (S.D. Ind. 2009).

64. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including by threatening to report the Debt on Plaintiff's credit report, when it could not legally do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF S.C. CODE § 37-5-108

65. Plaintiff repeats and re-alleges each factual allegation above.

66. Defendant violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in the collection of a debt arising from a consumer credit transaction, including by using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction regarding the character, amount, or legal status of the Debt in violation of S.C. Code § 37-5-108(5)(c)(i).

67. Defendant violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in the collection of a debt arising from a consumer credit transaction, including by causing or threatening to cause injury to Plaintiff's reputation or economic status by disclosing information affecting Plaintiff's reputation for creditworthiness with knowledge or reason to know that the information is false in violation of S.C. Code § 37-5-108(5)(d).

68. More than thirty (30) days prior to the filing of this complaint, Plaintiff filed written notice of the facts and circumstances of Plaintiff's claim of unconscionable conduct with the administrator of the South Carolina Department of Consumer Affairs, pursuant to S.C. Code § 37-5-108(6).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated S.C. Code § 37-5-108;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

69. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 28, 2018.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Thompson Consumer Law Group, PLLC
822 Camborne Place
Charlotte, NC 28210
Telephone: (888) 332-7252 ext. 260
Facsimile: (866) 317-2674
hdowd@consumerlawinfo.com
Attorneys for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206